Green, J.
delivered the opinion of the court.
This case originated in an application to the County Court of Madison county, to lay out a public road. The road was ordered to be opened by the County Court, and an appeal was taken to the Circuit Court. The Circuit Court reversed the judgment of the County Court, and an appeal was taken to this court. In the County Court, (where the proceedings originated,) there were only three Justices of the Peace present, hold *425 ing the court, when the order, appointing a jury of view to lay out the road, was made. And the only question now is, whether a less number of Justices than twelve, or one-third, will constitute a competent court to appoint a jury of view to lay out a public road. The act of 1804, ch. 1, sec. 1, authorizes the County Courts to order the laying out of public roads, where necessary, “Provided, that a majority of the acting Justices be present.” A subsequent act of 1817, ch. 48, prescribes, that one-third, or twelve Justices shall be competent to transact all kinds of public business.-
It is admitted by the plaintiff in error, that the final order, laying out a public road, must be made by at least twelve, or one-third of the Justices; but it is contended that the office of the jury of view is only to report facts for the information of the court; that nothing they do is obligatory until their report is confirmed by the court, and, therefore, the act of Assembly should not be construed to require the presence of more than three Justices, in taking this initiatory step.
Without entering into a discussion of the reasons of the legislature for requiring so large a number of the Justices to be present, when a certain description of public business is to be done, it is enough to know what has been enacted upon this subject. It is declared in the section of the act of 1804, above referred to, that to make an order, laying out a public road, a majority of the Justices must be present. The question then presents itself, is the order appointing a jury of view, in this case, one for laying out a public road?
This question is fully settled by the third section of the act of 1804. It provides, that “all roads to be hereafter laid out, shall be laid out by a jury of freeholders, to consist of not less than five, nor more than twelve, to the greatest advantage of the inhabitants, and as little as may be to the prejudice of enclosures, which laying out shall be on oath,” &c.
Here it is expressly enacted, that all public roads shall be laid out by a jury of freeholders. The order of court appointing these freeholders, and empowering them to lay out the road, must, therefore, be an order for laying out a road, within the letter and plain meaning of the first section of the act of 1804 *426 And in this case, the order did appoint the persons therein’ named, “to view and mark out a road,” &c., thereby conforming to the statute, and making it an order for laying out the road in question.
This order three Justices had no power to make, and the whole proceeding was without jurisdiction and void.